UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-62289

KRISTINA VITALE-RENNER,

    Plaintiff,

v.

SIXT RENT-A-CAR, LLC and
EMPIRE FIRE AND MARINE INSURANCE
COMPANY,

    Defendants.
_____ /

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Kristina Vitale-Renner ("Plaintiff") brings this action, on behalf of herself and all others similarly situated in Florida and Nationwide, against Sixt Rent-A-Car, LLC ("Sixt") and Empire Fire and Marine Insurance Company ("Empire"), for damages and other relief, and states:

### INTRODUCTION

1.    This concerns the business practices of the Defendant Sixt, whereby Sixt has extracted millions of additional dollars from consumers, through an unfair and deceptive self-enrichment scheme. Sixt obtained a "Supplemental Liability Excess Policy" ("SLI Policy") from Defendant Empire and additional insurers, for sale to individual renters at sums far in excess of the actual premium remitted to those insurers by Sixt following sale

1

of an SLI Policy to a renter. The premiums paid by renters to Sixt and not remitted to the carriers constitute an undisclosed profit for Sixt.

2. Sixt's representations regarding the premium charged for the SLI Policy creates in a reasonable consumer the false impression that the charge for the SLI Policy is used solely to pay for SLI for the benefit of the renter. In truth, Sixt secures that insurance through group policies, issued by a third-party insurers, such as Empire, that afford renters SLI at a tiny fraction of the cost Sixt charges them. Meanwhile, Sixt pockets nearly all of the premium or charge paid by the renter as a hidden profit center for Sixt, undisclosed to consumers.

3. Sixt's sale of the SLI is objectively likely to deceive any reasonable consumer into believing the charge for the SLI reflects the cost of the insurance coverage being passed through to that insurer. *Bowe v. Public Storage*, 106 F. Supp. 3d 1252, 1258-59, 1270 (S.D. Fla. 2015) (concluding that a reasonable factfinder could find it was a deceptive practice for Public Storage to represent that the premiums would be "passed through, to the insurance company and then secretly retaining a portion of the insurance premiums for itself ").

4. Florida courts have consistently found this sort of a deceptive hidden retention actionable under the Florida Deceptive and Unfair Trade Practices Act, §501.201, *et seq.*, Florida Statutes ("FDUTPA"); *Bowe*, 106 F. Supp. 3d at 1270; *Coleman v. Cube Smart*, 328 F. Supp. 3d 1349, 1362 (S.D. Fla. 2018) (actionable FDUTPA claim alleged where the defendant's representations could leave a reasonable consumer with the net

2

impression of a pass-through charge); *accord Harrison v. Lee Auto Holdings, Inc.*, 295 So.3d 857 (Fla. 1st DCA 2020) (actionable FDUTPA claim presented by representing that electronic filing fee for title and registration was a pass-through charge payable to government or third-party vendor); *Latman v. Costa Cruise Lines, N.V.*, 758 So.2d 699 (Fla. 3d DCA 2000) (actionable FDUTPA claim stated against cruise line that secretly retained a portion of funds collected from consumers as port charges).

5. Alternatively, Sixt has breached its contract by overcharging of premiums; Sixt, as Empire's and the other SLI carriers' agent, has fraudulently misrepresented the price of the SLI Policies, for which both Sixt and Empire are liable; and Sixt has been unjustly enriched under Florida law. Plaintiff accordingly also asserts her claim on behalf of herself, a nationwide class and a subclass of all similarly situated Florida residents.

## **PARTIES**

6. Plaintiff is domiciled in Broward County, Florida and is thus a citizen of the State of Florida.

7. Defendant, Sixt Rent A Car, LLC, is a Delaware corporation and U.S. based subsidiary of its parent company Sixt S.E. Sixt Rent A Car, LLC is the primary entity responsible for Sixt's U.S. vehicle rental operations, and is headquartered in Fort Lauderdale, Florida. Sixt is thus a citizen of both Delaware and Florida.

8. Empire is an Illinois corporation, headquartered in Illinois and authorized to transact insurance in Florida and throughout the U.S.

## JURISDICTION AND VENUE

9. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because (a) the Plaintiff is a member of the putative classes consisting of at least 100 members; (b) the Plaintiff is a citizen of Florida and at least one Defendant, Empire, is a citizen of another state; (c) the amount – in - controversy is in excess $5 million exclusive of interest and costs; and (d) none of the exceptions under §1332 apply to this claim.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 because a substantial portion of the acts and course of conduct giving rise to the claims occurred within this District, and under 18 U.S.C. §1965(a), because the Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff rented a Sixt vehicle for July 21, 2022 through July 22, 2020.

12. The rental included, *inter alia*, SLI coverage at the rate of $15.99 per day. The charge is noted on Sixt's Face Page contract which is a standard form contract that is utilized uniformly across all Sixt locations in Florida and throughout the U.S.

13. The standard form Face Page Contract is the document that Plaintiff and all class members electronically sign at the Sixt staffed kiosk when picking up their rental vehicle. After Plaintiff signed the Face Page Contract she was given Sixt's Rental Jacket Terms and Conditions. Plaintiff and Class Members did not have access to or were not given instruction on how to access the Rental Jacket until after they signed the Face Page

4

Contract to rent the vehicle.

14. Plaintiff and Class Members did not sign the Rental Jacket Terms and Conditions and there was no place for Plaintiff and Class Members to sign the terms and conditions.

15. The Empire and other SLI policies sold by Sixt contain the premium rates, which Plaintiff and Class Members agree to pay, and does not allow for any other rate – higher or lower – to be charged or imposed. It is believed that Sixt nevertheless deceptively charged and collected significantly higher premiums than the premiums stated in the SLI Policies.

## CLASS ALLEGATIONS

16. Paragraphs 1-15 are hereby incorporated by reference.

17. This Complaint is brought as a class action pursuant to Fed R. Civ. P. 23(a), (b)(2) and (b)(3).

18. Plaintiff brings this action on behalf of the following Classes:

• All renters who rented a vehicle from Sixt in the U.S. where such rental contract included an SLI Policy at a daily rate ("National Class")

• All renters who rented a vehicle from Sixt in the State of Florida where such rental included an SLI Policy at a daily rate ("Florida Class")

• All renters who rented a vehicle from Sixt in the U.S. where such rental contract included an Empire SLI Policy at a daily rate ("Empire Class")

19. Excluded from the Classes are the Defendants, their officers, employees, agents and affiliates ("excluded persons"), their subsidiaries, legal representatives, heirs,

5

successors and assigns.

20. Although the precise numbers of Class Members in the Classes are unknown to Plaintiff at this time and can only be determined by appropriate discovery, Plaintiff is informed and believes that the Classes of persons affected by Defendants' unlawful acts consist of thousands of people, and are so numerous that joinder of all Class Members is impracticable. Thus, the numerosity requirements under Rule 23(a)(1) are satisfied.

21. The unlawful business practices alleged herein were standardized, uniform practices employed by Defendants and resulted in unlawful and deceptive sales of Empire and other SLI Policies to thousands of the putative National Class Members, Florida Class Members and Empire Class Members because Sixt collected and pocketed excess premiums paid by Plaintiff and Class Members for the Empire and other SLI Policies. In doing so, Sixt deceptively, unfairly and uniformly breached its contracts with all Class Members.

22. Plaintiff is a member of the National Class, the Florida Class and the Empire Class. Her claims are typical of the claims of the Class Members and she will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are coincident with and not antagonistic to those of the other Class Members. Plaintiff is subject to the same material affirmative defenses and is asserting the same claims as all Class Members, such that Rule 23(a)(3) and (4) are satisfied.

23. Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes

as a whole pursuant to Rule 23(b)(2).

24. Pursuant to Rule 23(b)(3), the class action is superior to the other available methods for the fair and efficient adjudication of controversy because, among other things, it is desirable to concentrate the litigation of the Class Members' claims in one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, damages suffered by individual Class Members may be small, their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class-action.

25. There exist numerous common questions of law and fact in this action within the meaning of Fed. R. Civ. P. 23(a)(2), which predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3).

26. Common questions of law in fact include, but are not limited to:

   a. Whether Defendant Sixt materially breached contracts to procure Empire and other SLI Policies;

   b. Whether Defendant Sixt uniformly collects and charges a higher premium amount than that stated in the terms of the Empire and other SLI Policies, advertised and marketed by Sixt, and agreed to by Plaintiff and the Class Members.

27. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a. The questions of law in fact, common to members of the Classes

7

predominate over any questions affecting an individual member.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Certification of the Classes under Rule 23(b)(2) is also appropriate since Sixt has acted and refused to act on grounds generally applicable to the Classes by engaging in a common course of conduct of uniformly charging excess premiums to Plaintiff and the unnamed members of the Classes, thereby making appropriate final injunctive relief or declaratory relief with respect to the Classes as a whole.

## COUNT I:
## BREACH OF CONTRACT FOR OVERCHARGING OF PREMIUMS (On behalf of National and Florida Classes)

29. Paragraphs 1 – 28 are hereby incorporated by reference.

30. Plaintiff and Class Members entered into rental contracts with Sixt, whereby Plaintiff and members of the National and Florida Classes paid premiums in the form of money consideration in exchange for Sixt's promise to provide an SLI Policy issued by Empire and other carriers.

31. Plaintiff and Class Members and Sixt agreed to be bound by the terms of the SLI Policy paid for by Plaintiff and Class Members and procured by Sixt. Plaintiff and Class Members agreed to pay premiums and Sixt agreed to collect premiums in the amount stated in the Policies. The terms of the Policies – to which Plaintiff and Class Members and Sixt agreed and by which they are bound – prohibited the payment or collecting of premiums in higher or lower amounts than that stated in the Policies.

32. Nevertheless, Sixt collected premiums in an amount higher than those Plaintiff and Class Members agree to pay, thereby breaching the rental contract.

33. Because of Sixt's breach, Plaintiff and the members of the National and Florida classes suffered harm in the form of the excess premiums above those Sixt is legally permitted to charge.

34. Plaintiff and the putative members of the National and Florida Classes are owed restitution of the excess premiums Sixt collected in breach of the rental contract.

## COUNT II:
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (On behalf of Florida Class)

35. Paragraphs 1 – 28 are hereby incorporated by reference.

36. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, Fla. Stat., *et seq.* ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat.

37. Plaintiff and Class Members are consumers as defined by Section 501.203, Fla. Stat. Sixt is engaged in a trade or commerce within the meaning of the FDUTPA.

38. Florida Statute Section 501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

39. Sixt's unfair and deceptive practices as described herein are objectively likely

9

to mislead – and have misled – consumers acting reasonably in the circumstances.

40. Sixt has violated the FDUTPA by engaging in unfair and deceptive practices as described herein, which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers.

41. Plaintiff and consumers in the Class have been aggrieved by Sixt's unfair and deceptive practices and acts of false advertising because in paying the cost of the Empire and other SLI Policies sold by Sixt in connection with the rental of a Sixt vehicle, Plaintiff and the Class Members have parted with money under false pretenses.

42. The harm suffered by Plaintiff and consumers in the Class was directly and proximately caused by the deceptive and unfair practices of Sixt, as more fully described herein.

43. Pursuant to §501.211(2) and §501.2105, Fla. Stat., Plaintiff and consumers in the Class make claims for actual damages, attorneys' fees and costs.

44. Sixt still utilizes many of the deceptive acts and practices described above and is still secretly retaining money from every Empire and other SLI Policy it sells. Plaintiff and other Members of the Classes have suffered and will continue to suffer irreparable harm if Sixt continues to engage in such deceptive, unfair and unreasonable practices. Section 501.211(1) entitles Plaintiff and the Class to obtain both declaratory or injunctive relief to put an end to Sixt's unfair and deceptive scheme.

## COUNT III
## UNJUST ENRICHMENT (On behalf of Florida Class)

45. Paragraphs 1 – 28 are hereby incorporated by reference.

46. Sixt charged Plaintiff and Class Members premiums in connection with the sale of SLI Policies. Sixt secretly retains a significant portion of said premiums allowing Sixt to enrich itself to the detriment of Plaintiff and Class Members.

47. Plaintiff and Class Members conferred upon Sixt non-gratuitous payments of excess premiums. Sixt appreciated, accepted and/or retained, in whole or in part, the non-gratuitous benefits conferred by Plaintiff and Class Members.

48. Sixt profited from its unlawful collection and retention of a portion of the SLI premium charged at the expense of Plaintiff and Class Members, under circumstances in which it would be unjust for Sixt to be permitted to retain the benefit. Under common law principles of unjust enrichment, Sixt should not be permitted to retain the benefits of this unjust enrichment, as they were obtained through deceptive representations and omissions, as more fully described above.

49. Because Sixt's retention of the non-gratuitous benefits conferred by Plaintiff and Class Members is unjust and inequitable, Plaintiff and Class Members suffered damages as a result of Sixt's unjust enrichment, and are entitled to, and hereby seek disgorgement and restitution of Sixt's unlawful profits, revenue, and benefits in a manner established by the Court.

**COUNT IV**
**FRAUDULENT MISREPRESENTATION AGAINST SIXT**
**(On Behalf of National and Empire Classes)**

50.     Paragraphs 1-28 are hereby incorporated by reference.

51.     Sixt's deceptive practices as described herein of fraudulently misrepresenting the premium rates for the Empire and other SLI Policies constitutes a fraudulent misrepresentation.

52.     In misrepresenting the true rates of the Empire and other Policies sold, Sixt knowingly made false statement of material fact with the intention that Plaintiff and the Class Members purchase the Empire and other SLI Policies at that price and Plaintiff and the Class Members acted in reliance on the misrepresentation by purchasing SLI Policies.

53.     The harm suffered by Plaintiff and the Class Members was directly and proximately caused by the fraudulent misrepresentations of Sixt, more fully described herein.

**COUNT V**
**VICARIOUS LIABILITY OF EMPIRE FOR SIXT'S FRAUDULENT MISREPRESENTATIONS (On Behalf of Empire Class)**

54.     Paragraphs 1-28 and 50-53 are hereby incorporated by reference.

55.     Sixt's unfair and deceptive practices, as described herein, were committed by Sixt in the course and scope of the agency relationship between Sixt and Empire.

56.     As to the sale of the Empire Policies, Plaintiff and the Class Members objectively and reasonably believed that Sixt was acting within the scope of its authority as the

agent of Empire.

    57.    Empire, as principal, is liable for the fraudulent misrepresentations of Sixt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment on behalf of herself and the Classes:

A.    Certifying the Classes as requested herein;

B.    Awarding actual, direct and compensatory damages;

C.    Awarding restitution and disgorgement of revenues if warranted;

D.    Awarding declaratory relief as permitted by law or equity, including declaring Sixt's practices as set forth herein to be unlawful;

E.    Awarding injunctive relief as permitted by law or equity, including enjoining Sixt from continuing those unlawful practices as set forth herein, and directing Sixt to identify, with Court supervision, victims of its conduct and pay them all money as required to pay;

F.    Awarding statutory damages, as appropriate;

G.    Awarding attorneys' fees and costs; and

H.    Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims so triable.

                Respectfully submitted,

                /s/ Christopher J. Lynch
                Christopher J. Lynch, P.A.
                FBN: 331041
                6915 Red Road, Suite 208
                Coral Gables, FL 33143
                Clynch@hunterlynchlaw.com
                Lmartinez@hunterlynchlaw.com

Edmund A. Normand, Esq.
FBN: 0865590
Jacob Phillips, Esq.
FBN: 120130
Normand PLLC
62 W. Colonial Drive, Suite 209
Orlando, FL 32801
Ed@ednormand.com

Andrew Shamis, Esq.
Shamis & Gentile, PA
14 NE 1st Avenue
Suite 705
Miami, FL 33132
ashamis@shamisgentile.com
mgrigorian@shamisgentile.com